RENDERED: NOVEMBER 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1161-MR

TAMMARA LEA STRICKLETT                                APPELLANT

APPEAL FROM MASON CIRCUIT COURT
v.            HONORABLE STOCKTON B. WOOD, JUDGE
ACTION NO. 20-CI-00144

KEVIN ROBERT STRICKLETT                              APPELLEE

AND

NO. 2021-CA-1359-MR

KEVIN ROBERT STRICKLETT                          CROSS-APPELLANT

CROSS-APPEAL FROM MASON CIRCUIT COURT
v.            HONORABLE STOCKTON B. WOOD, JUDGE
ACTION NO. 20-CI-00144

TAMMARA LEA STRICKLETT                         CROSS-APPELLEE

<u>OPINION</u>
<u>AFFIRMING IN PART, REVERSING IN PART, AND REMANDING</u>

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND GOODWINE, JUDGES.

GOODWINE, JUDGE:  Tammara Lea Stricklett ("Tammara") appeals the August 30, 2021 order of the Mason Circuit Court awarding her maintenance.  Her former spouse, Kevin Robert Stricklett ("Kevin"), cross-appeals the same order.  After careful review, we affirm in part, reverse in part, and remand.

## **BACKGROUND**

The parties were married in 1996 and separated in 2020.  Tammara petitioned for dissolution of the marriage and, after failing to reach a settlement, the parties were referred to the domestic relations commissioner ("DRC").  After an evidentiary hearing, the DRC made recommendations as to division of marital property and debts.  The trial court entered findings of fact, conclusions of law, and a decree of dissolution adopting the DRC's recommendations and reserving the issue of maintenance.  The matter was again referred to the DRC to determine whether Tammara was entitled to maintenance and, if so, in what amount and for what duration.

The DRC conducted an evidentiary hearing on the issue of maintenance and recommended Tammara be awarded $615.00 per month in maintenance until she reaches retirement age, sixty-five years old.  Tammara

objected to the DRC's recommendation, arguing she was entitled to indefinite maintenance in the amount of $2,000.00 per month. The trial court adopted in part and modified in part the DRC's recommendations, awarding Tammara maintenance in the amount of $1,000.00 per month until she turns sixty-six years old. The court reasoned that Tammara would then be able to support herself using her social security and retirement income.

This appeal and cross-appeal followed. Additional facts will be developed as needed in our analysis below.

## STANDARD OF REVIEW

Determinations of whether to award maintenance, as well as the amount and duration of the award, are within the sound discretion of the trial court. *See Powell v. Powell*, 107 S.W.3d 222, 224 (Ky. 2003). We will not disturb a trial court's findings of fact unless they are clearly erroneous. CR[1] 52.01. Findings of fact are not clearly erroneous if supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (footnote omitted). If factual findings are supported by substantial evidence and KRS[2] 403.200 is correctly applied, we will not disturb the trial court's maintenance decision. *See Maclean v. Middleton*, 419 S.W.3d 755, 765 (Ky. App. 2014).

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Revised Statutes.

# ANALYSIS

On appeal, Tammara argues the trial court erred by failing to award her open-ended maintenance in the amount of $2,000.00 per month. On cross-appeal, Kevin alleges the trial court abused its discretion in modifying the DRC's recommended maintenance award. Specifically, he raises the following issues: (1) the trial court erroneously determined his income; (2) Tammara's expenses inappropriately include funds she provides to support the parties' adult child; (3) Tammara's income is erroneously based on her voluntary underemployment; (4) Tammara is not entitled to additional maintenance funds for retirement savings; and (5) the trial court erred in awarding Tammara maintenance beyond the retirement age. Kevin does not challenge the determination that Tammara is entitled to maintenance, only the amount and duration thereof.

After a trial court decides the requesting party is entitled to maintenance under KRS 403.200(1), the court must determine the amount and duration of the award under KRS 403.200(2).

> The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:
>
> (a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently . . . [;]

> (b) The time necessary to acquire sufficient education
> or training to enable the party seeking maintenance
> to find appropriate employment;
>
> (c) The standard of living established during the
> marriage;
>
> (d) The duration of the marriage;
>
> (e) The age, and the physical and emotional condition
> of the spouse seeking maintenance; and
>
> (f) The ability of the spouse from whom maintenance
> is sought to meet his needs while meeting those of
> the spouse seeking maintenance.

KRS 403.200(2).

Herein, the trial court adopted most of the DRC's findings of fact. Under KRS 403.200(2)(a), the DRC determined Tammara had financial resources, including proceeds from the sale of the marital residence and income from her employment as a certified nursing assistant ("CNA") sufficient to cover all but approximately $615.00 of her monthly expenses. Tammara's expenses totaled $3,282.00 per month. The DRC determined she could earn $2,047.14 per month working full-time as a CNA and an additional $167.00 per month from oil and gas leases. Tammara was also awarded half of the proceeds from the sale of the marital residence, totaling $32,687.64, which the DRC determined she could use at a rate of $454.00 per month to contribute to her expenses. Although the trial court determined Tammara was "not earning much more than to eke out a living," it did

-5-

not modify the DRC's calculation of her income or expenses. Record ("R.") at 282.

Next, the DRC determined KRS 403.200(2)(b) was inapplicable to this matter because Tammara had been employed as a CNA throughout the marriage and she was unlikely to seek additional education or retraining in the future.

Regarding KRS 403.200(c), the DRC found the parties enjoyed a "modest standard of living during the marriage." R. at 254. This was evidenced by the fact that their largest assets were the marital residence and retirement accounts. Any expenses beyond necessary costs of living, such as vacations, were charged to credit cards. The parties accrued $15,000.00 in credit card debt which was paid from the sale of the marital residence. On this basis, the DRC determined only Tammara's "normal monthly household expenses" needed to be considered in determining the amount and duration of the maintenance award.

The trial court modified the DRC's findings because it determined the parties lived above a modest standard of living because they were able to save substantial funds for retirement. At the time of dissolution, Kevin's retirement account totaled $677,200.91. The DRC noted Tammara was awarded more than $300,000.00 from his account and $2,300.00 from her retirement account. She will also receive social security income upon retirement but did not testify to how much

she expected to receive each month. The trial court found, after dissolution, Kevin would have the continued ability to save for retirement, but Tammara would not be able to do so without additional funds.

The parties were married for twenty-four years. KRS 403.200(2)(d).

Tammara was fifty-nine years old at the time the DRC made recommendations. There is no evidence that she suffers from any physical or emotional condition which would prohibit her from working full-time and providing for herself. KRS 403.200(2)(e).

The DRC determined, based on Kevin's June 11, 2021 paystub, he earns $4,707.65 per month in net income and has expenses of $3,820.00 per month. This leaves him with $487.65 per month in excess income, which would be insufficient to provide Tammara with the $615.00 per month in maintenance. However, the DRC also found Kevin's budgeted allowances for dining and entertainment excessive. Kevin also routinely worked overtime, which would give him additional income. Based on these facts, the DRC determined Kevin would be able to meet his own needs while also paying $615.00 per month to Tammara in maintenance.

The trial court modified the DRC's findings by using Kevin's 2019 and 2020 income to determine his ability to meet his needs while also meeting Tammara's needs. In 2020, Kevin's net income was $7,107.00 per month, which

the court calculated by including the $750.00 and $225.00 per month he contributed to his retirement and health savings accounts ("HSA"), respectively. The trial court chose to exclude Kevin's overtime income from its calculation. Using $7,107.00 for Kevin's income and $3,820.00 for his expenses, Kevin has an excess of $3,287.00 per month in funds.

Based primarily on its calculation of Kevin's net income using his 2020 earnings and its finding that Tammara would no longer be able to save for retirement without additional funds, the trial court modified the DRC's recommendation of $615.00 in monthly maintenance until Tammara reaches sixty-five years old to $1,000.00 per month in maintenance until she reaches sixty-six years old.

First, we will consider the parties' arguments regarding the amount of the maintenance award. Kevin argues the trial court erred in its calculation of his income. Weighing evidence is in the exclusive province of the trial court. *Moore*, 110 S.W.3d at 354 (footnote omitted). Kevin submitted both his recent paystubs and evidence of his yearly income for 2019 and 2020. The DRC used a single paystub to calculate Kevin's income, but the trial court determined Kevin's most recent yearly earnings provided a more accurate depiction of his earnings. This is not an abuse of discretion.

Relatedly, Kevin argues the trial court erred in including his HSA contributions as income for purposes of calculating maintenance. Kevin elected to make these contributions at the beginning of the year. He is not required to do so by his employer. Kevin cites to no authority which indicates such contributions should not be included as income when awarding maintenance. Therefore, we find no abuse of discretion by the trial court.

Next, Kevin argues Tammara used her support for one of the parties' adult children to inflate her expenses. While it is true that Tammara submitted a budget which included $500.00 per month in funds used to support the child, the DRC did not include this amount in its calculation of her expenses and the trial court did not modify the DRC's determination to include those expenses.

Furthermore, Kevin argues the DRC's calculation of Tammara's income is based on her voluntary underemployment. The record refutes this assertion. Both the DRC and the trial court found Tammara was capable of full-time work and the DRC imputed her income using a forty-hour work week. The trial court's adoption of the DRC's calculation of Tammara's potential full-time income was not an abuse of discretion.

Kevin argues Tammara is not entitled to additional maintenance funds to allow her to save for retirement. He asserts he is not required to save for retirement but only elects to do so. He further argues there is no guarantee

Tammara will save any additional funds from the maintenance award for retirement. The trial court determined retirement savings was a significant factor in the parties' lifestyle prior to divorce under KRS 403.200(2)(c). It further determined Tammara would have no ability to save based on her income if she received only $615.00 per month in maintenance. On the other hand, based on the trial court's calculation of Kevin's income, he would have $2,287.00 in excess funds after his expenses and the $1,000.00 maintenance award which he could choose to save for retirement. It is not an abuse of discretion for the trial court to determine saving for retirement was a factor in the parties' pre-dissolution lifestyle under KRS 403.200(2)(c) and for the court to use this as the basis for awarding Tammara additional maintenance funds.

Tammara argues she is entitled to $2,000.00 per month in maintenance. She bases this argument on her history of part-time employment. However, both the DRC and trial court determined she is capable of working full-time as a CNA. This would require no additional training or education. Tammara presents no evidence of any health condition under KRS 403.200(2)(e) which would inhibit her from full-time employment in her current field. Tammara cannot simply choose not to work full-time and then demand Kevin make up the difference with additional maintenance.

Based on the parties' respective incomes and expenses, as determined by the DRC and trial court, as well as the trial court's determination of the importance of retirement savings under KRS 403.200(2)(c), the trial court's award of $1,000 per month to Tammara is not an abuse of discretion.

We turn now to the parties' arguments regarding the duration of the award. Kevin argues the trial court should not have extended the award past the date on which Tammara reaches sixty-five years old. Here, like in *Weldon v. Weldon*, 957 S.W.2d 283, 286 (Ky. App. 1997), the trial court abused its discretion by awarding Tammara maintenance beyond retirement age. The court provides no explanation for modifying the award from the DRC's recommendation to grant maintenance until Tammara reaches sixty-five years old. As noted by this Court in *Weldon*, at the time the parties reach retirement, their incomes will be more equal because Tammara was awarded approximately half, or more than $300,000.00, of Kevin's retirement fund. *Id.* Therefore, the decision to modify the DRC's recommendation as to the duration of the maintenance award was clearly erroneous.

Furthermore, given Tammara's ability to gain full-time employment without any additional training or education, as well as her lack of any condition impeding her ability to work, the trial court did not abuse its discretion by declining to award her indefinite maintenance. The duration of a maintenance

award must directly correlate with the period during which the requesting spouse is in need. *Combs v. Combs*, 622 S.W.2d 679, 680 (Ky. App. 1981). It is reasonable to award maintenance until such time when Tammara reaches retirement age and gains access, without penalty, to her portion of Kevin's retirement fund, her own retirement fund, and social security income.

## CONCLUSION

Based on the foregoing, the order of the Mason Circuit Court is affirmed in part and reversed in part. This matter is remanded to the trial court for entry of an order awarding Tammara $1,000.00 per month in maintenance until she reaches sixty-five years of age.

ALL CONCUR.

BRIEF FOR APPELLANT/CROSS-APPELLEE:

Jeffrey L. Schumacher
Maysville, Kentucky

BRIEF FOR APPELLEE/CROSS-APPELLANT:

Rebekah J. Rice
Maysville, Kentucky